## Frank Giddey and others v. Edwin F. Uhl.

*Description of property : Chattel mortgage construed.* The description of property in a chattel mortgage, after enumerating certain articles specifically, concludes, "carpets, bedding, bedroom furniture, and other personal property in and about said house and premises; except herefrom such personal property as is exempt from execution by the laws of the state of Michigan, to wit: stoves in use, family pictures, library and school books, clothing, provisions, fuel and sewing machine; also excepting household goods, furniture and utensils therein, of the value of two hundred and fifty dollars;" the mortgagors had at the time in said house two hundred and fifty dollars' worth of goods, furniture and utensils, besides the enumerated articles and those exempt from execution :—

   *Held,* That, construing this mortgage in the light of the facts found, the exception applies to the property described generally, and not to the articles specifically enumerated, and that the specific articles are intended to be mortgaged unconditionally.

*Finding of facts : Chattel mortgage : Assignment : Mortgage debt : Presumption.* A finding of facts which shows that a chattel mortgage was assigned to the plaintiff for a valuable consideration, in the absence of any showing that there was any other instrument to which the mortgage was collateral, will be construed as a finding of an assignment which was effectual to pass the interest of the mortgagee, and is not open to the objection that it fails to show an assignment of the debt, and is therefore insufficient; it will not be presumed in such case that the mortgage was collateral to any other instrument; on the contrary, the presumption is the other way.

   Whether the assignment of a mortgage collateral to some other instrument by which the debt is witnessed does not convey the mortgage to the assignee, as trustee for the owner of the debt, so as to authorize that trustee to maintain a suit at law for the property or its proceeds :—*Quære?*

                              *Heard April 11.    Decided April 22.*

Error to Wayne Circuit.

   This is an action of replevin brought by Edwin F. Uhl against Frank Giddey, John Baxter and William Baxter. The plaintiff claimed title under the chattel mortgage mentioned in the opinion. The defense was, that defendant Giddey, as constable, had taken the goods described, by virtue of an execution issued upon a judgment in favor of the other defendants, against Franklin W. Whittlesey. The cause was tried by the court without a jury, and a special finding was filed, which finds, among other things, "that the one sofa, one lounge, two marble-top tables, two easy chairs, and three parlor chairs, mentioned in said mortgage,

is the same property described in the declaration." The judgment below was in favor of plaintiff, and defendants bring error.

*C. J. O'Flynn*, for plaintiffs in error.

*Moore & Griffin*, for defendant in error.

CHRISTIANCY, CH. J.

The chattel mortgage in question in this case was executed by Franklin W. Whittlesey and wife to Lyman D. Norris, and describes the mortgaged property as follows: "All the following described household furniture and personal property, now upon the premises, No. 25 George street, in the city of Detroit, owned and occupied by the Whittleseys aforesaid, viz.: 1 sofa, 1 lounge, 2 marble-top tables, 2 easy chairs, 3 parlor chairs, 1 black walnut center table, 2 card tables, 1 what-not, 2 cane chairs, 1 secretary, 1 lounge, carpets, bedding, bedroom furniture, and other personal property in and about said house and premises; except herefrom such personal property as is exempt from execution by the laws of the state of Michigan, to wit: *stoves in use, family pictures, library and school books, clothing, provisions, fuel, and sewing machine;* also, *excepting household goods, furniture and utensils therein, of the value of two hundred and fifty dollars.*"

The judge, in his finding of facts, finds that the mortgage was executed and received in good faith to secure the sum of eight hundred and sixty dollars of money advanced to Whittlesey and wife, at the time of its execution, which is still unpaid; that the mortgagee afterwards assigned said mortgage to the plaintiff for a valuable consideration, and that at the time of making said mortgage and at the time of the taking of the property by the defendants, said Whittlesey and wife had in their said house, belonging to them, over and above the articles mentioned in said mortgage as exempt, and aside from the articles specified with numerals,

household goods, furniture and utensils, of a value exceeding two hundred and fifty dollars.

It is insisted by the plaintiffs in error that the exception contained in the mortgage, of household goods, furniture and utensils to the value of two hundred and fifty dollars, renders the mortgage entirely uncertain as to the property intended to be mortgaged; and that the mortgaged property cannot, for this reason, be identified. And if this exception applies to and affects the specially enumerated articles, this may be a very pertinent objection, or might be so if it did not appear that the mortgagors had at the time two hundred and fifty dollars worth of goods, furniture and utensils, besides the enumerated articles and those exempt from execution. But, construing this mortgage in the light of the facts found, we think it appears with reasonable certainty that this exception was intended to apply to the property mortgaged by the general description only, and not to the articles specifically enumerated. We think the intention was to mortgage the specific articles unconditionally; that the general description, which follows the specific enumeration, was intended to give so much further security as the property thus generally described would give, after deducting from it what was exempt from execution, and two hundred and fifty dollars worth of household goods, furniture, and utensils besides. This was the construction adopted by the circuit judge, and we think it clearly correct.

But it is further objected by the plaintiffs in error that, though the finding shows that the mortgage was assigned to the plaintiff below (defendant in error) for a valuable consideration, it does not show that the debt secured by it was assigned; and that an assignment of the mortgage alone conveyed no interest. It is a sufficient answer to this. to say, that the finding does not show that there was any other instrument by which the debt itself was witnessed, or to which the mortgage was collateral; and, as it is just as competent, and we think about as usual, to insert in the

mortgage itself an agreement to pay the debt, we cannot presume that the mortgage was collateral to any other instrument, but may fairly infer that there was none, as none is mentioned. The finding, therefore, that the mortgage was assigned to the plaintiff for a valuable consideration, ought to be understood as an assignment which was effectual to pass the interest of the mortgagee. We are not, however, prepared to say that the assignment of a mortgage collateral to some other instrument by which the debt is witnessed, would not convey the mortgage to the assignee, as trustee for the owner of the debt, and authorize that trustee to maintain a suit at law for the property or its proceeds; but we do not think it necessary to consider this point here.

. We see no error in the record, and the judgment of the circuit court must be affirmed, with costs.

The other Justices concurred.